# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**BETH HUNTER and MONIQUE**
**PRATTO n/k/a MONIQUE BRUCE,**

    **Plaintiffs,**

  **v.**                                                 **CIV. No. 98-77 JP/JHG**

**PLB ENTERPRISES, INC. and PATRICK**
**BEATTY.**

    **Defendants.**


## MEMORANDUM OPINION AND ORDER

      This Memorandum Opinion and Order addresses two pending matters:  (1) the Plaintiffs'

Second Motion to Amend Complaint and to Join an Indispensable Party (Doc. No. 86), filed on

August 9, 2001; and (2) this Court's Order to Show Cause (Doc. No. 91), entered August 30,

2001, directing Plaintiff Beth Hunter to establish why her claim of damages for emotional distress

should not be dismissed with prejudice.

1.     *Plaintiffs' Second Motion to Amend Complaint and to Join an Indispensable Party*

      On August 9, 2001, the Plaintiffs filed a Second Motion to Amend Complaint and to Join

an Indispensable Party.  The Plaintiffs request leave under Federal Rule of Civil Procedure 15 to

add R. Michael Beatty, father of Defendant Patrick Beatty, as a defendantt.

      The Tenth Circuit has noted that "[r]efusing leave to amend is generally only justified

upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory

motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."

*Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).  The Defendants argue that this

Court should deny the Plaintiffs' Motion to Amend because, *inter alia*, joining Michael Beatty would be futile. Having considered the parties' written briefs and the arguments presented by the parties during the hearing held on October 3, 2001, this Court has concluded that the Plaintiffs' proposed amendment would be futile.

The Plaintiffs previously sought leave to amend their Complaint to name Michael Beatty as a defendant, in a motion to amend filed on December 22, 1998 (Doc. No. 33). On March 4, 1999, this Court entered an Order denying the Plaintiffs' motion (Doc. No. 40). In that Order, this Court observed:

> In light of the fact that the proposed amended complaint fails to allege any direct wrongdoing on the part of R. Michael Beatty, any recovery against him would necessarily be based on vicarious liability due to his status as a shareholder and Secretary of the corporation. Thus, in order to reach him, Plaintiffs would have to pierce the corporate veil.

Noting that "[t]he proposed amended complaint does not contain any allegations whatsoever to support a claim for piercing the corporate veil," this Court determined that the "amended complaint does not allege any viable claims against R. Michael Beatty."

In support of their present motion to amend, the Plaintiffs contend that they can now point to evidence concerning PLB Enterprises, Inc.'s corporate structure, and concerning financial arrangements between PLB Enterprises, Inc. (PLB), Michael Beatty, and Patrick

Beatty, which shows that Michael Beatty misused PLB's corporate form.[1]  Even assuming that

the Plaintiffs can demonstrate that Michael Beatty operated PLB as his alter ego, though, this

Court finds that the Plaintiffs have fallen short of establishing the requisite elements for piercing

the corporate veil.  The Plaintiffs have alleged that the Beattys disregarded the separate corporate

identity of PLB Enterprises, and the Plaintiffs have alleged that the Beattys engaged in unlawful

acts.  However, the Plaintiffs have not pointed to any necessary connection between Michael

Beatty's purported domination of PLB Enterprises, and the torts, breaches of contract, and

violations of federal employment law allegedly perpetrated by the Beattys.

    In order to pierce the corporate veil, the "unfairness, injustice, fraud, or other inequitable

conduct" alleged by plaintiffs must "flow from the misuse of the corporate form."  *Greater*

*Kansas City Roofing,* 2 F.3d at 1052-1053.  The Tenth Circuit has explained that "[t]he mere fact

that a corporation commits an unfair labor practice, or breaches a contract, or commits a tort,

does not mean that the individual shareholders of the corporation should personally be liable."  *Id*.

Rather, "[i]t is only when the shareholders disregard the separateness of the corporate identity

*and when that act of disregard causes the injustice or inequity or constitutes the fraud* that the

corporate veil may be pierced."  *Id*.  Likewise, the New Mexico state courts have recognized that,

where plaintiffs seek to pierce the corporate veil, there must be a link between the dominant

---

[1]        Under New Mexico state law, plaintiffs seeking to pierce the corporate veil must
demonstrate "'[i]nstrumentality' or 'domination,'" through "proof that the subsidiary or other
subservient corporation was operated not in a legitimate fashion to serve the valid goals and
purposes of that corporation but it functioned instead under the domination and control and for
the purposes of some dominant party."  *Scott v. AZL Resources, Inc.*, 753 P.2d 897, 900 (N.M.
1988).  Similarly, the Tenth Circuit requires a showing that there was "such unity of interest and
lack of respect given to the separate identity of the corporation by its shareholders that the
personalities and assets of the corporation and the individual are indistinct."  *National Labor
Relations Board v. Greater Kansas City Roofing*, 2 F.3d 1047, 1052 (10th Cir. 1993).

party's control of the corporation and the unlawful actions the plaintiffs allege. See, e.g., *Harlow*

*v. Fibron Corp.*, 671 P.2d 40, 43 (N.M. Ct. App. 1983) (Quoting C. Krendl and J.Krendl,

Piercing the Corporate Veil: Focusing The Inquiry, 55 Denver L.J. 1, 18 (1978) for the

proposition that "If it is found that the subsidiary has been a mere instrumentality with respect to a

particular transaction, the next question * * * is whether the parent's domination or

control has been used for fraud or other improper purpose.")

Because the Plaintiffs have failed to show that Michael Beatty exercised his alleged

control over PLB for the improper purpose of committing the torts, breaches of contract, and

violations of federal employment discrimination law alleged in the Complaint, this Court

concludes that adding Michael Beatty as a defendant in his individual capacity would be futile.

Therefore, the Plaintiff's motion to amend should be denied. The Defendants' Motion for Leave

to File a Surreply on the Plaintiffs' motion to amend  (Doc. No. 97), filed September 20, 2001,

should be denied as moot.

2.      *Order to Show Cause*

On August 30, 2001, this Court entered an Order requiring Plaintiff Beth Hunter, and her

counsel, Elizabeth Stacy Vencill, "to show good cause why Plaintiff Beth Hunter's claim of

damages for emotional distress should not be dismissed because of Plaintiff Beth Hunter's failure

to comply with the Federal Rules of Civil Procedure and discovery requests made by the

Defendants."  This Court entered this Order to Show Cause after learning from the Defendants

that Plaintiff Hunter and her attorney had failed to cooperate with the Defendants' efforts to

schedule an independent psychological examination of Plaintiff Hunter. This Court has reviewed

the parties' written briefs and has considered the arguments of counsel offered at the October 3,

2001 hearing. The Court finds that Plaintiff Hunter has not shown good cause for failing to comply with the Defendants' discovery request, but that Plaintiff Hunter should be given another opportunity. This Court has determined that by November 15, 2001, Plaintiff Hunter will have to undergo the independent psychological examination requested by Defendants. Should Plaintiff Hunter fail to cooperate in scheduling and undergoing the psychological examination by November 15, 2001, her claim of damages for emotional distress will be dismissed.

Nancy Stratton, counsel for the Defendants, advised the Court in a letter of October 9, 2001, that Dr. Sam Roll, the psychologist conducting Plaintiff Hunter's independent psychological examination, expects to be paid $600 for the four hour August 17, 2001 appointment which Plaintiff Hunter failed to attend. Plaintiff Hunter or her attorney will be responsible for paying this fee.

IT IS THEREFORE ORDERED that:

1) the Plaintiffs' Second Motion to Amend Complaint and to Join an Indispensable Party (Doc. No. 86), filed on August 9, 2001, is denied;

2) the Defendants' Motion for Leave to File a Surreply on the Plaintiffs' motion to amend (Doc. No. 97), filed September 20, 2001, is denied as moot;

3) if Plaintiff Hunter has not undergone the independent psychological examination requested by Defendants by November 15, 2001, her claim of damages for emotional distress will be dismissed; and

4) Plaintiff Hunter or her attorney must pay for the appointment with Dr. Roll which she failed to attend.

_____
CHIEF UNITED STATES DISTRICT JUDGE